46 F.3d 1149
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Donnie WEAVER, Plaintiff-Appellant,
v.
George KAISER, Dr., et al., Defendants-Appellees.
 No. 94-15144.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 19, 1994.*
Decided Jan. 11, 1995.
 
 Before: SNEED, D.W. NELSON, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Donnie Weaver, a Nevada state prisoner, appeals pro se the district court's grant of summary judgment for the defendants in Weaver's 42 U.S.C. Sec. 1983 action alleging that the defendants were deliberately indifferent to his serious medical needs. Weaver also contends that the district court erred by (1) denying him the assistance of an inmate writ writer at his telephonic summary judgment hearing; (2) failing to construe his original complaint as an affidavit; (3) declining to consider additional evidence that Weaver submitted after the district court granted summary judgment; and (4) not permitting him additional time for discovery and an opportunity to file a second amended complaint. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 * Deliberate Indifference to Serious Medical Needs
 
 
 4
 We review de novo a district court's grant of summary judgment. Hopkins v. Andaya, 958 F.2d 881, 884 (9th Cir.1992). A grant of summary judgment should be affirmed only if the evidence, read in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. See Fed.R.Civ.P. 56(c); Taylor v. List, 880 F.2d 1040, 1044 (9th Cir.1989). To defeat a motion for summary judgment, the nonmoving party must come forward with evidence sufficient to establish the existence of any elements that are essential to that party's case, and for which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).
 
 
 5
 Weaver contends that the district court erred by granting summary judgment for defendant prison officials and doctors because there was a genuine issue of material fact as to whether he needed surgery for his deviated nasal septum.
 
 
 6
 To establish a section 1983 claim for medical indifference, a prisoner must demonstrate that the defendant's "acts or omissions [were] sufficiently harmful to evidence a deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976); McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir.1992). A difference of opinion between an inmate and medical personnel concerning the course of treatment does not rise to the level of a constitutional violation. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir.1989).
 
 
 7
 In support of their motion for summary judgment, the defendants submitted prison guidelines which show that a prisoner with a deviated nasal septum will be considered for surgery only when the inmate has two documented cases of sinus infection during the inmate's incarceration at the prison. According to the affidavit of defendant Kaiser, the prison doctor, Weaver suffered only one questionable episode of sinus infection, in 1987. Kaiser also stated that no objective deterioration of Weaver's medical condition had ever been noted or documented in the prison records. Moreover, according to Kaiser, Weaver had been examined by a pulmonary specialist in 1987, who had concluded that Weaver's deviated septum was not a serious health hazard.[1]
 
 
 8
 According to Weaver's affidavit, he suffers from headaches, obstruction in breathing, pain, and interference with his sleep as a result of his deviated septum. Weaver also stated that he suffered from sinus infections in the past, but he neither offered documentation nor specified whether these infections occurred during his incarceration at the prison. Weaver asserted only that he was scheduled for surgery before he was imprisoned and that another doctor had recommended Weaver for surgery during his incarceration. Even if these assertions were true, however, they would establish only a difference in opinion over the proper course of medical treatment. Because a difference of opinion does not support a claim for deliberate indifference, see id., the district court properly granted summary judgment for the defendants on this issue, see Celotex Corp., 477 U.S. at 322.
 
 
 9
 Weaver contends that the defendants were deliberately indifferent to his serious medical needs because they refused to prescribe him Afrin, a nasal spray which relieved the discomfort caused by the deviated septum. This contention lacks merit.
 
 
 10
 The defendants stated that Weaver was taken off Afrin because he had overused it, and was suffering from a reaction to that overuse, which made continued use of the nasal spray dangerous. Weaver did not dispute that he suffered from a reaction to Afrin caused by overuse. Weaver further admitted that defendants are currently providing him with Afrin. Given these circumstances, the district court properly entered summary judgment for the defendants on Weaver's claim of deliberate indifference to serious medical needs. See Estelle, 429 U.S. at 106; McGuckin, 974 F.2d at 1059.
 
 II
 Other Claims
 
 11
 Weaver contends that the district court erred by refusing to allow him to be represented by an inmate writ writer at the telephonic summary judgment hearing. Although inmate writ writers may assist other prisoners in pursuing litigation, they are not authorized to act as a prisoner's legal representative. See Storseth v. Spellman, 654 F.2d 1349, 1355 (9th Cir.1981). Accordingly, the district court correctly denied Weaver's request to be represented by another inmate.[2]
 
 
 12
 Weaver also contends that the district court erred by not considering evidence he submitted after the court ruled on the defendants' summary judgment motion and by not construing his verified original complaint as an affidavit in opposition to the defendants' motion. First, the record indicates that the district court did consider the additional evidence that Weaver submitted, but found that the evidence did not impact on its decision. Second, it is clear from the district court's order that it did consider the allegations in Weaver's original complaint as true.
 
 
 13
 Finally, Weaver contends that the district court did not provide him with enough time for discovery or allow him an opportunity to amend his complaint for a second time. Weaver, however, never requested additional time for discovery, see Fed.R.Civ.P. 56(f), or leave to amend his complaint, see Fed.R.Civ.P. 15(a), and thus cannot now complain that he should have had these opportunities.[3]
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Weaver contends he was prejudiced because Kaiser's affidavit was submitted into evidence unsigned. Kaiser's affidavit was submitted unsigned with a notation that the signed affidavit would be filed upon receipt by counsel. Less than three weeks later, the defendants filed the signed and notarized affidavit. It was not until six months later, long after receiving the signed affidavit, that the district court ruled on the defendants' summary judgment motion. Thus, the district court did not err in considering the affidavit. See Sanchez, 891 F.2d at 242
 
 
 [2]
 We reject Weaver's conclusory allegation that opposing counsel made false and misleading statements at the telephonic hearing. See Taylor, 880 F.2d at 1045 (conclusory allegations, unsupported by admissible evidence are insufficient to defeat a summary judgment motion)
 
 
 [3]
 Weaver also contends that the district court judge was biased, that the prison's medical policies violated his right to equal protection, and that the prison procedures encouraged abuse by prison officials. Because Weaver did not raise these issues in district court, we decline to consider them for the first time on appeal. See Bolker v. Commissioner of Internal Revenue, 760 F.2d 1039, 1042 (9th Cir.1985). Furthermore, we reject Weaver's contention that the district court "predetermined" the outcome of the summary judgment hearing because on the summary judgment order, a December 1993 date was crossed out and changed to January 4, 1994